(64 Misc. Rep. 403.)

### BARCLAY v. BARRIE.

(Supreme Court, Special Term, New York County. August, 1909.)

PARTNERSHIP (§ 274*)—DISSOLUTION—SICKNESS OF PARTNER.
    Where a contract of partnership provides that each partner shall give a reasonable amount of his time to the business, that one of the partners is permanently incapacitated by sickness is ground for dissolution.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 621; Dec. Dig. § 274.*]

Action by Reginald Barclay against Alex. Barrie. Demurrer to complaint overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gould & Wilkie, for plaintiff.
Sullivan & Cromwell, for defendant.

GREENBAUM, J.  Permanent incapacity of a partner constitutes good ground for a dissolution of the partnership.  Upon the demurrer to the complaint, it must be assumed that the defendant is practically incapacitated from personal attention to the duties assumed by him under the copartnership agreement.

The argument of the learned counsel for the defendant that the language of the seventh clause of the agreement is to be construed as providing an exclusive remedy of damages for breach of the obligations of either party to render personal services is not convincing.  The obvious purpose of this clause was to afford the aggrieved party the right to claim damages from the other as therein provided, and to furnish the defaulting party a locus pœnitentiæ and to remedy the trouble complained of.  The reasoning of the counsel is too subtle and refined, and omits sufficiently to recognize the import attaching to the words "or to any relief whatsoever" in the seventh clause.  The contract contemplated that each partner give a reasonable amount of time and attention to the business, but assuredly this did not mean that a partner permanently stricken with disease and disabled from giving any attention to the business was to be absolved from the obligation to devote a "reasonable" amount of time, as contemplated by the parties when they entered into the partnership agreement.

It seems to me that the complaint states a sufficient cause of action, and the demurrer must be overruled, with costs, with leave to defendant to answer upon payment of costs.

Demurrer overruled, with costs, with leave to defendant to answer upon payment of costs.